UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACKIE LAWRENCE,

   Plaintiff,

 v.               CAUSE NO. 3:20-CV-746-DRL-MGG

NANCY MARTHAKIS *et al.*,

   Defendants.

## OPINION & ORDER

Jackie Lawrence, a prisoner without a lawyer incarcerated at the Indiana State Prison, filed a complaint against six separate defendants alleging that he has received constitutionally inadequate medical treatment for hip and low-back pain caused by a leg length discrepancy that was diagnosed in 2015, and that he was retaliated against for complaining about his treatment. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Here, Mr. Lawrence alleges that, when his condition was diagnosed in 2015, he was sent to an outside orthopedist to have orthopedic shoes made and that he was prescribed Neurontin for pain. Over the years, different providers have provided

different treatments. He reports that his pain varies from day to day, even when he is taking medication for pain. He has missed work due to pain and gained weight because pain causes him to be inactive.

In May 2018, Mr. Lawrence was transferred to Indiana State Prison. While at ISP, Mr. Lawrence's orthopedic work boots were stolen from his cell. He filed a theft report with custody staff and requested that the shoes be replaced. He was sent to an outside provider; and, in February 2019, he received replacement shoes.

In May 2019, Mr. Lawrence's orthopedic shoes were stolen again. He submitted another theft report and asked for replacement shoes. This time, Dr. Nancy Marthakis refused to replace the shoes. Over the next year, Mr. Lawrence submitted several requests for healthcare due to pain associated with his leg length discrepancy. Both Dr. Marthakis and Nurse Practitioner Dianne Thews saw him in response to these requests. According to Mr. Lawrence, Dr. Marthakis and Nurse Thews each acknowledged that he was in severe pain due to his condition but nonetheless refused to order him replacement orthopedic shoes. They told him he needed to wait until the next year and treated his severe pain only with Tylenol.

In May 2020, medical staff requested orthopedic shoes for Mr. Lawrence. But, Dr. Mitcheff, the regional medical director, would not approve the request. He approved diabetic shoes, however. Mr. Lawrence is not diabetic. Diabetic shoes do not correct his leg length discrepancy. As a result, Mr. Lawrence says he has endured significantly more pain in his back, hip, leg and ankle. He submitted health care requests complaining about pain resulting from a lack of orthopedic shoes. Dr. Marthakis saw him in response to

these requests. Dr. Marthakis told Mr. Lawrence that he does not need orthopedic shoes and does not meet the criteria for receiving them. According to Dr. Marthakis, Dr. Mitcheff will no longer allow Mr. Lawrence to have orthopedic shoes. Mr. Lawrence further alleges that Dr. Marthakis has instructed Nurse Thews to provide neither orthopedic shoes nor pain medication for Mr. Lawrence's condition.

In addition, Dr. Marthakis indicated that, if Mr. Lawrence continued to complain about the shoes that were provided for him, he would not receive any more shoes or pain medication. He continued to complain; and, on May 8, 2020, Dr. Marthakis took Mr. Lawrence off of Trileptal, the medication that he was taking for pain.[1] According to Dr. Marthakis, Dr. Mitcheff ordered that everyone stop taking Trileptal due to concerns about potential side effects. However, Mr. Lawrence believes this was the fulfillment of the threat to deprive him of pain medication if he continued to complain. Since Trileptal was discontinued, Mr. Lawrence has received no effective medication for pain. He has received only short courses of ineffective pain medication.

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an

---

[1] It is unclear when Mr. Lawrence began receiving Trileptal, as he reported that he was only receiving Tylenol for severe pain following the second theft of his shoes.

3

intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd."). Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, accepting the allegations of the complaint as true, as the court must at this stage, Mr. Lawrence has alleged that he suffers from a serious medical condition.

4

Furthermore, it can be inferred that Dr. Marthakis, Nurse Thews, and Dr. Mitcheff were each deliberately indifferent to his need for care for that condition. Accordingly, Mr. Lawrence may proceed against them on an Eighth Amendment deliberate indifference claim for failure to treat pain caused by his leg length discrepancy.

"To prevail on his First Amendment retaliation claim, [Mr. Lawrence] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Lawrence alleges that he complained about the medical treatment he was receiving, that he was threatened with the removal of pain medication for his condition if he continued to complain, he continued to complain, and effective pain medication was stopped by Dr. Marthakis and Dr. Mitcheff. These allegations are sufficient to state a First Amendment retaliation claim against Dr. Marthakis and Dr. Mitcheff.

Mr. Lawrence has also sued Warden Ron Neal, Assistant Warden J. Nowatzki, and Assistant Warden Dawn Buss, though he does not allege that they were directly involved in making treatment decisions related to his condition. Rather, he alleges that medical staff told him to contact the warden about receiving over-the-counter medication. Since late 2019 or early 2020, Mr. Lawrence has sent several requests for over-the-counter pain medication to Warden Neal, Assistant Warden Nowatzki, and Assistant Warden Dawn Buss. He has received no response. Section 1983 "liability depends on each defendant's

5

knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Under the law:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than allegations that the defendant is a supervisor or that the defendant knew of the plaintiff's complaints. Thus, Mr. Lawrence may not proceed against Warden Neal, Assistant Warden Nowatzki, or Assistant Warden Buss in their individual capacities. However, Warden Neal has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v.*

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Lawrence will be allowed to proceed against Warden Neal in his official capacity as the Warden of the Indiana State Prison for permanent injunctive relief.

For these reasons, the court:

(1) GRANTS Jackie Lawrence leave to proceed against Dr. Nancy Marthakis, Nurse Practitioner Dianne Thews, and Dr. Michael Mitcheff in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical treatment for pain associated with his leg length discrepancy, in violation of the Eighth Amendment;

(2) GRANTS Jackie Lawrence leave to proceed against Dr. Nancy Marthakis and Dr. Michael Mitcheff in their individual capacities for compensatory and punitive damages for retaliating against him for complaining about his medical care by denying effective pain management for pain associated with his leg length discrepancy, in violation of the First Amendment;

(3) GRANTS Jackie Lawrence leave to proceed against Warden Ron Neal in his official capacity as Warden of Indiana State Prison for permanent injunctive relief to provide constitutionally adequate medical treatment for pain associated with his leg length discrepancy, as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Assistant Warden J. Nowatzki and Assistant Warden Dawn Buss;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Nancy Marthakis, Nurse

Practitioner Dianne Thews, and Dr. Michael Mitcheff at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal in his official capacity at Indiana State Prison, with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS Wexford of Indiana, LLC, and the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis, Nurse Practitioner Dianne Thews, Dr. Michael Mitcheff, and Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 23, 2020                              *s/ Damon R. Leichty*
                                              Judge, United States District Court